**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

 v.

ANDREW THOMAS SWAGER,

    Defendant-Appellant.

No. 19-30198

D.C. No. 6:09-cr-00012-CCL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted February 4, 2020[**]

Before:  FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

   Andrew Thomas Swager appeals from the district court's judgment revoking his supervised release and imposing a 10-month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

   Swager first contends that the district court abused its discretion by revoking

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his supervised release because there was insufficient evidence to establish the six violations of supervised release. In evaluating a challenge to the sufficiency of the evidence supporting a supervised release revocation, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotations omitted). The evidence presented at the contested revocation hearing, including witness testimony from Swager's probation officer and drug test reports, was sufficient to support the district court's finding that Swager committed six violations of the terms of his supervised release. Accordingly, the district court did not abuse its discretion by revoking Swager's supervised release. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

Swager also contends that his sentence is substantively unreasonable given the nature of his violations and because he eventually reported to his probation officer and explained and documented his delay. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, particularly Swager's history and characteristics and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**